IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIO RENE GARCIA-GRANDE (BOP Registration No. 93582-079), Movant, v. UNITED STATES OF AMERICA, Respondent. | No. 3:17-CV-2195-K (3:14-CR-424-K-(01)) |

## MEMORANDUM OPINION AND ORDER

Movant Mario Rene Garcia-Grande, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* Dkt. No. 5. Because his Section 2255 motion is barred by the applicable statute of limitations, as explained below, the Court **DISMISSES** the motion with prejudice.

**Background**

Movant pleaded guilty to unlawful reentry and was sentenced to 67 months in prison. His direct appeal was dismissed as frivolous on March 9, 2016, *see United States v. Garcia-Grande*, No. 15-10527 (5th Cir. Mar. 9, 2016), and he did not file a petition for a writ of certiorari.

On July 31, 2017, Movant filed a motion to reopen his criminal case. *See United States v. Garcia-Grande*, No. 3:14-cr-424-K (01), Dkt. No. 37. The Court construed his motion as requesting relief under Section 2255 and provided the warnings required in

1

*Castro v. United States*, 540 U.S. 375 (2003). *See* Dkt. No. 1. The Court further instructed Movant to refile his motion on the Court's standard Section 2255 form. *See id.* Movant then filed this amended Section 2255 motion. *See* Dkt. No. 5. He argues that his guilty plea was unknowing and involuntary because his counsel did not explain to him "all the fact(s)." *See id.* at 7.

Because Movant's Section 2255 motion appeared to be barred by the applicable statute of limitations, the Court ordered him to show cause why his motion should not be dismissed as time-barred. *See* Dkt. No. 6. Movant has not filed a response.

## Statute of Limitations

Movant's Section 2255 motion is barred by the one-year statute of limitations codified in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which the Court may consider *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254). 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Movant does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final. *See* § 2255(f)(1). His conviction became final on June 7, 2016, when the ninety-day period to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). His statute of limitations expired June 7, 2017, and his Section 2255 motion—filed on July 31, 2017—is time-barred absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other

3

party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier, and no grounds for equitable tolling are apparent to the Court. Because Movant has not met his burden to establish circumstances warranting equitable tolling, his Section 2255 motion is time-barred.

## Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** as time-barred.

**SO ORDERED.**

Signed December 15th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE